# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT FARRILL, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 20-208-RAW-KEW |
| SCOTT CROW, DOC Director, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 6). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma. He is attacking his convictions and sentences in Okmulgee County District Court Case No. CF-2013-415 for Distribution of Child Pornography (Counts 1-3), Aggravated Possession of Child Pornography (Counts 4-5), Violation of Oklahoma Statute Via Computer (Count 6), and Manufacture of Child Pornography (Counts 7-13). Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA).

The record shows that on May 22, 2014, Petitioner entered a plea of guilty to all counts (Dkt. 7-1), and his Judgment and Sentence was entered (Dkt. 7-2). Because he did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, the conviction became final on June 2, 2014, ten days after entry of the Judgment and Sentence.[1] *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat.

---

[1] The tenth day following sentencing fell on Sunday, June 1, 2014, therefore, Petitioner's conviction was not considered "final" for purposes of § 2244(d)(1)(A) until the following Monday, June 2, 2014. *See Pearson v. Ward*, 184 F. App'x 760, 761, 2006 WL 1660029, at *1, n.1 (10th Cir.

tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statutory year began to run on June 3, 2014, and it expired on June 3, 2015. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final). This habeas petition was filed on June 26, 2020 (Dkt. 1), more than five years after the statutory deadline.

On May 21, 2019, Petitioner filed a motion for a 60-month judicial review in the Okmulgee County District Court (Dkt. 7-4). The motion was denied on July 16, 2019 (Dkt. 7-5). Because Petitioner's request for judicial review was initiated after expiration of the limitation period, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner carries the burden of establishing equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Because Petitioner has failed to allege or argue equitable tolling, the Court will not consider it.

Petitioner's one-page response to Respondent's motion to dismiss simply states that his objections are explained in the attachments to his complaint (Dkt. 8). The three referenced attachments state that he received ineffective assistance of counsel, and the Okmulgee County District Attorney made promises that denied Petitioner of his right to due process (Dkt. 1 at 16). In addition, he asserts he was misled about his life sentences. *Id.* at

---

2006).

17-18. He also has filed a copy of a petition for a writ of habeas corpus for the Oklahoma Court of Criminal Appeals dated June 9, 2020. *Id*. at 19-23. There is no indication, however, that the petition was filed. Even if Petitioner had filed a state habeas petition, the Court finds it would not change the fact that his federal habeas petition is untimely.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time-barred petition (Dkt. 6) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 25th day of January 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma